**Hearing Date and Time**
**May 5, 2021 @ 11:30 a.m.**

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------x

In Re:                                                               Confirmed Chapter 11

DEONARINE PARASRAM D/B/A                          Case No. 16-42657 (JMM)
VANDI SALES D/B/A
PARASRAM STORE,

                                        Debtor.
----------------------------------------------------------------x

RANDY BRISMAN,

                              Plaintiff,

              -against-                                           Adv. Pro. No. 21-01002 (JMM)

DEONARINE PARASRAM D/B/A
VANDI SALES D/B/A PARASRAM STORE,
98-100 SALLY LANE, LLC; and RANNARINE
KALADEEN,

                              Defendants.

----------------------------------------------------------------x

## NOTICE OF MOTION FOR A DEFAULT JUDGMENT

      **PLEASE TAKE NOTICE**, that a hearing will be held telephonically at Dial in

Number 888-273-3658; Access Code 2872314 before Honorable Jil Mazer-Marino May 5, 2021  at

11:30 a.m. or as soon thereafter as counsel may be heard (the "Hearing Date") to consider the

motion by Randy Brisman, a creditor of Deonarine Parasram d/b/a Vandi Sales d/b/a Parasram

Store, the debtor (the "Debtor") and proponent of the Confirmed Second Amended Liquidating

Plan of Reorganization for the Debtor and plaintiff in the above-captioned adversary proceeding

("Plaintiff") for an order: (a) granting Plaintiff a default judgment against the defendants, 98-100 Sally Lane, LLC; and Rannarine Kaladeen (collectively, the "Defaulting Defendants") for the relief set forth in the complaint (the "Complaint") served on the Defaulting Defendants on January 7, 2021, based upon the Defaulting Defendants' failure to respond to the Complaint pursuant to 11 U.S.C. § 105(a), FRCP 12 and 55, Bankruptcy Rules 7012 and 7055 and LBR 7055-1; and (b) granting such other and further relief as may seem just and proper (the "Motion").

**PLEASE TAKE FURTHER NOTICE**, that any objections to the Motion must be in writing and shall state with particularity the grounds therefor, and, pursuant to General Order No. M-182 re: Electronic Case Filing Procedures (as amended from time to time), objections to the Motion (formatted with Adobe Acrobat) shall be filed with the Clerk of the Bankruptcy Court, at http:// www.nyeb.uscourts.gov, and served upon Counsel for the Plaintiff, Shafferman & Feldman LLP, 137 Fifth Avenue, 9th Floor, New York, New York 10010 (Email Address shaffermanjoel@gmail.com), and the Office of the United States Trustee, U.S. Federal Office Building, 201 Varick Street, Suite 1006, New York, NY 10014, Attn: Rachel Wolf, Esq. (Email Address rachel.wolf@usdoj.gov), no later than **4:00 P.M. on April 28, 2021**.

**DATED:**      New York, New York
                April 6, 2021

                                        Shafferman & Shafferman LLP
                                        Counsel for Plaintiff
                                        137 Fifth Avenue, 9th Floor
                                        New York, New York 10010
                                        (212) 509-1802

                                        By:      /S Joel M. Shafferman
                                                 Joel M. Shafferman (JMS)

**Hearing Date and Time**
**May 5, 2021 @ 11:30 a.m.**

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------x
In Re:                                                                      Confirmed Chapter 11

DEONARINE PARASRAM D/B/A                              Case No. 16-42657 (JMM)
VANDI SALES D/B/A
PARASRAM STORE,

                                        Debtor.
-------------------------------------------------------------x

RANDY BRISMAN,

                                        Plaintiff,

                        -against-                                  Adv. Pro. No. 21-01002 (JMM)

DEONARINE PARASRAM D/B/A
VANDI SALES D/B/A PARASRAM STORE,
98-100 SALLY LANE, LLC; and RANNARINE
KALADEEN,

                                        Defendants.

-------------------------------------------------------------x

**MOTION FOR A DEFAULT JUDGMENT**

TO:    THE HONORABLE JIL MAZER-MARINO,
        UNITED STATES BANKRUPTCY JUDGE:

        Randy Brisman, a creditor of Deonarine Parasram d/b/a Vandi Sales d/b/a Parasram Store,

the debtor (the "Debtor") and proponent of the Confirmed Second Amended Liquidating Plan of

Reorganization for the Debtor and plaintiff in the above-captioned adversary proceeding

("Plaintiff" or "Brisman") in support of his application seeking a default judgment against 98-100

Sally Lane, LLC ("Sally Lane LLC"); and Rannarine Kaladeen ("Kaladeen") (collectively, the

"Defaulting Defendants"), in the above-captioned adversary proceeding, respectfully represents as follows:

**JURISDICTION**

1.      This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§157 and 1334. Venue of the adversary proceeding and of this application is proper in this judicial district pursuant to 28 U.S.C. § 1409.

2.      The statutory predicate for relief sought herein is Rules 12 and 55 of the Federal Rules of Civil Procedure (the "FRCP"), made applicable by Rules 7012 and 7055 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), Rule 6009 of the Bankruptcy Rules, E.D.N.Y. LBR 7055-1.

**BACKGROUND**

3.       On June 16, 2016 (the "Petition Date"), the Debtor filed a voluntary petition in this Court for relief under Chapter 11 of the Bankruptcy Code. The Debtor held the assets of the estate as a debtor-in- possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

4.      No unsecured creditors' committee was appointed in this case. No trustee or examiner has been appointed.

5.      Fredrick P. Stern, PC was retained to represent the Debtor/Debtor-in-Possession as counsel in this case.

**The Debtor's Post-Petition Undisclosed**
**Acquisition of 98 Sally Land and 100 Sally Lane**

6.      As shown on **Exhibit "A"**, on or around March 27, 2017 the Debtor, along with Kaladeen, acquired an ownership interest in the real properties known as and located at 98 Sally Lane, Ridge, New York 11961-2626, a single family house on a 1.5 acre lot ("98 Sally Lane"). The Debtor never disclosed his acquisition of ownership interests in 98 Sally Lane to the Bankruptcy Court.

7.      As shown on **Exhibit "B"**, on or around September 5, 2017 the Debtor acquired an ownership interest in the real properties known as and located at 100 Sally Lane, Ridge, New York 11961-2626, a single family house on a 2.5 acre lot; ("100 Sally Lane"), along with Kaladeen. The Debtor never disclosed his acquisition ownership interests in 100 Sally Lane to the Bankruptcy Court.

**Confirmation of Plaintiff's**
**Creditor's Plan in Chapter 11 case**

8.      After this Court made a determination that the Debtor's exclusive periods to file and confirm a plan in this case had terminated; on March 22, 2017 Brisman filed a Liquidating Plan of Reorganization for the Debtor and Disclosure Statement to Accompany the Plan (the "Initial Brisman Disclosure Statement") [ECF Nos. 148 and 149].  The hearing to consider approval of the Initial Brisman Disclosure Statement was scheduled for April 19, 2017.

9.      On May 3, 2017, the undersigned counsel for Brisman filed a First Amended Liquidating Plan of Reorganization for the Debtor and Disclosure Statement to Accompany the Plan [ECF Nos. 183 and 184]. On August 17, 2017, the undersigned counsel for Brisman filed the

Second Amended Brisman Disclosure Statement (the "Disclosure Statement") and Second Amended Brisman Plan (the "Brisman Plan"), along with redlined copies [ECF Nos. 248-253], and circulated the documents to all interested parties by email.

10.     At a hearing held before the Bankruptcy Court on October 11, 2017 the Court confirmed the Brisman Plan, over the verbal objections of the Debtor, and denied Debtor's motion to dismiss this case. The primary means of implementation of the Brisman Plan was to sell two parcels of known real property in which the Debtor had equity.  On November 2, 2017, this Court signed an order confirming the Brisman Plan [ECF No. 275].

**The Debtor's Post-Confirmation Undisclosed**
**Sale of 98 Sally Lane and 100 Sally Lane**

11.     On or around March 29, 2018 the Debtor, along with Kaladeen, transferred 98 Sally Lane to Sally Lane LLC (Attached hereto as **Exhibit "C"** is a copy of the deed pursuant to which the Debtor and Kaladeen transferred 98 Sally Lane to Sally Lane LLC.)

12.     On or around March 29, 2018, the Debtor, along with Kaladeen, transferred 100 Sally Lane to Sally Lane LLC (Attached hereto as **Exhibit "D"** is a copy of the deed pursuant to which the Debtor and Kaladeen transferred 98 Sally Lane to Sally Lane LLC.) (The two transfers described in paragraphs 11, supra, and this paragraph 12 shall hereinafter be collectively referred to as the "Transfers".)

**Plaintiff's Commencement of**
**this Adversary Proceeding**

13.     On January 5, 2021 Plaintiff commenced this adversary proceeding by filing a complaint seeking:

a)       on the first and second cause of action, judgment in favor of Plaintiff and against Sally Lane LLC avoiding the Transfers and directing Sally Lane LLC to return to Plaintiff, for the benefit of the Debtor's estate, 98 Sally Lane and 100 Sally Lane, pursuant to 11 U.S.C. §§ 549 and 550(a), plus pre- and post-judgment interest from the date of demand at the maximum legal rate and to the fullest extent allowed by applicable law, together with the costs and expenses of this action, including, without limitation, attorneys' fees;

b)       on the third cause of action, against all defendants and in favor of Plaintiff, (i) declaring that the Debtor's interest in 98 Sally Lane and 100 Sally Lane constitutes property of the Debtor's estate pursuant to Section 541(a)(1) of the Bankruptcy Code,  (ii) authorizing Brisman to sell the interest of the Debtor as well as the interest of Kaladeen in and to 98 Sally Lane and 100 Sally Lane, pursuant to 11 U.S.C. §363(h), and (iii) directing the sale of 98 Sally Lane and 100 Sally Lane pursuant to 11 U.S.C. §363(h) and the equal division of the proceeds between the Debtor's Estate and Kaladeen according to their respective rights;

c)       on the fourth cause of action, against the Debtor and in favor of Plaintiff, awarding Plaintiff damages, for the benefit of the Debtor's estate, in an amount be determined a trial;

d)       on the fifth cause of action, against the Debtor and in favor of Plaintiff, denying the Debtor a discharge;

e)       on the sixth cause of action, against the Debtor and in favor of Plaintiff, denying the Debtor a discharge;

g)       awarding Plaintiff all costs, attorneys' fees, and interest to the maximum extent permitted by law; and

h)       granting Plaintiff such further relief as this Court deems just and proper.

14.    On January 7, 2021, Plaintiff's counsel served copies of the summons and complaint on all of the defendants, as set forth in certificate of service, a copy of which is attached as **Exhibit "E"** and filed with this Court on January 12, 2021 [ECF Doc #3].  An Answer to the Complaint was required to be filed by April 23, 2020, and only the Debtor filed an Answer.

15.    An adjourned pre-trial conference was held on March 3, 2021 (the "March 3, 2021

Conference"). The Defaulting Defendants failed to appear or answer the Complaint, and this Court noted their default on the record at the March 3, 3021 Conference.

## **RELIEF REQUESTED**

16.      By this Motion, Plaintiff seeks the entry of a default judgment and order against the Defaulting Defendants for the relief as set forth in the Complaint based upon the Defaulting Defendants' failure to respond to the Complaint pursuant to 11 U.S.C. §105(a), FRCP 12 and 55, made applicable by Bankruptcy Rules 7012 and 7055 and LBR 7055-1.   Specifically, the Complaint seeks to avoid the transfers of 98 Sally Lane and 100 Sally Lane from the Debtor and Kaladeen to Sally Lane pursuant to section 549 of the Bankruptcy Code, recover such property pursuant to section 550 of the Bankruptcy Code, and to sell 98 Sally Lane and 100 Sally Lane pursuant to section 363(h) of the Bankruptcy Code.

17.      It is respectfully requested that, under these circumstances, a default order and judgment be entered against the Defaulting Defendants.

18.      Accordingly, the Plaintiff is entitled to Judgment against Sally Lane LLC, on the first and second cause of action, avoiding Transfers and directing Sally Lane LLC to return to Plaintiff, for the benefit of the Debtor's estate, 98 Sally Lane and 100 Sally Lane, pursuant to 11 U.S.C. §§ 549 and 550(a), plus awarding pre-and post-judgment interest against Sally Lane LLC from the date of demand at the maximum legal rate and to the fullest extent allowed by applicable law, to the date of payment or other satisfaction of such order and judgment, the costs of and expenses of this action, including, without limitation, attorneys' fees, and such other, further and different relief as this Court may deem just, proper and equitable. Additionally, the Plaintiff is entitled to Judgment against Kaladeen, on the third cause of action, (i) declaring that the Debtor's

interest in 98 Sally Lane and 100 Sally Lane constitutes property of the Debtor's estate pursuant to section 541(a)(1) of the Bankruptcy Code,  (ii) authorizing Plaintiff to sell the interest of the Debtor as well as the interest of Kaladeen in and to 98 Sally Lane and 100 Sally Lane, if any exists, pursuant to section 363(h) of the Bankruptcy Code, and (iii) directing the sale of 98 Sally Lane and 100 Sally Lane pursuant to section 363(h) of the Bankruptcy Code and the equal division of the proceeds between the Debtor's Estate and Kaladeen according to their respective rights, if Kaladeen has any rights to the sale proceeds.

19.     Plaintiff is not aware of any matter that would have precluded Defaulting Defendants from timely answering or otherwise moving with respect to the Complaint.

20.     Based upon the above, it is respectfully requested that the default order and judgment be entered.

21.     No prior application for the relief requested herein has been made to this or any other Court.

**WHEREFORE,** the Plaintiff, acting on behalf of the Debtor's estate, respectfully requests that the Court enter (a) a default order and judgment, proposed copies of which are attached hereto, respectively, as **Exhibits "F" and "G"**, pursuant to 11 U.S.C. §105(a), FRCP 12, 54 and 55, as made applicable by Bankruptcy Rules 7012 and 7055 and LBR 7055-1, finding the Defendants in default as set forth herein; and (b) for such other and further relief as· may seem just and proper.

**DATED:**   New York, New York
           April 6, 2021                          SHAFFERMAN & FELDMAN LLP
                                                  Counsel for the Plaintiff
                                                  137 Fifth Avenue, 9th Floor
                                                   New York, New York 10010
                                                   (212) 509-1802
                                                  By:  __/S/ Joel Shafferman _____
                                                  Joel M. Shafferman (JMS)